# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| Andrew Rakowsky, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| v. | |
| Federal Express Corporation, | |
| Defendant. | |

## PRELIMINARY STATEMENT

1. This is a collective and class action brought by individual and representative Plaintiff Andrew Rakowsky ("Plaintiff"), on behalf of himself and all others similarly situated (the putative "FLSA Collective"), and on behalf of members of the putative New York Rule 23 Class, to recover overtime pay from his former employer, Federal Express Corporation ("FedEx").

2. Plaintiff brings this action on behalf of himself and all similarly situated individuals for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA").

3. Plaintiff's claim is asserted as a collective action under the FLSA, 29 U.S.C. § 216(b).

4. Plaintiff also brings claims to recover unpaid wages under New York Labor Law, Article 19 §§ 650, *et seq.*, and the supporting New York State Department of Labor regulations (together, "NYLL"). Plaintiff brings these state law claims as a putative class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

1

5. The putative FLSA Collective is made up of all persons who are or have been employed by Defendant as a Security Specialist (II, III, or Senior), or in other job titles performing similar duties anywhere in the United States (except in Pennsylvania) during the applicable statutory period.

6. The putative "New York Rule 23 Class" is made up of all persons who are or have been employed by Defendants in the state of New York as a Security Specialist (II, III, or Senior), or in other job titles performing similar duties during the applicable statutory period.

7. Plaintiff and those similarly situated routinely worked more than forty (40) hours in a workweek but were not paid an overtime premium for their overtime hours.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201 *et seq*.

9. This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims asserted, as the state and federal claims derive from a common nucleus of operative fact.

10. Venue is proper in the United States District Court for the Western District of Tennessee pursuant to 28 U.S.C. § 1391 because Defendant maintains its principal place of business in this district, and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

11. Plaintiff is an adult resident of Mechanicville, New York.

12. Plaintiff worked for Defendant as a Security Specialist III and Senior Security Specialist at Defendant's stations located in New York and Vermont from approximately November 2015 to January 2022.

13. Plaintiff was Defendant's employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

14. Defendant is a Delaware corporation that does business in Tennessee. Its principal office is located at 3610 Hacks Cross Road, Memphis, Tennessee, 38125.

15. Defendant is an international organization offering shipping, transportation, e-commerce and business services.

16. Defendant was or is Plaintiff's and the similarly situated Security Specialist's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

17. At all times material, Plaintiff and other Security Specialists were engaged in commerce or in the production of goods for commerce as defined by Section 207(a)(1) of the FLSA.

18. Defendant operates in interstate commerce by, among other things, offering and selling its services to customers across the country.

19. At all times material, Defendant qualifies as an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, and had annual gross volume of sales which exceeded $500,000.00.

20. Plaintiff's claims were tolled when he opted in to *Fischer, et al. v. Federal Express Corporation*, Court File No. 5:19-cv-04924 JMG (E.D. Pa.) on November 9, 2020.

21. Defendant never moved to dismiss Plaintiff Rakowsky or any other of the non-Pennsylvania opt-in Plaintiffs (including Andre Saunders or Damian Farley) from the *Fischer* matter.

22. The *Fischer* district court did not dismiss any non-Pennsylvania opt-in Plaintiffs from the *Fischer* case including Plaintiff Rakowsky.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

23. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

24. At all times relevant herein, Defendant operated a willful scheme to deprive Plaintiff and others similarly situated of overtime compensation.

25. Plaintiff and the similarly situated individuals work or worked as Security Specialists (II, III, or Senior) or in other job titles performing similar duties.

26. A Security Specialist's primary job duty is to provide various loss-prevention and site monitoring services consisting of observing and reporting on the security processes in place at their assigned location(s) and investigating employee theft or violence as well as other instances of possible theft, vandalism, pilfering, and similar occurrences.

27. Among other non-exempt tasks, Plaintiff and the putative collective members spent their time monitoring the sorting of packages and driver deliveries at Defendant's warehouse/sorting facilities, conducting interviews, preparing incident reports conducting vehicle security audits, and maintaining and updating security files, reports, and caseload statuses in Defendant's management systems.

28. Plaintiff and the similarly situated individuals are or were paid a salary with no overtime pay.

29. Plaintiff and the other similarly situated Security Specialists are or were treated as exempt from federal and state overtime laws.

30. Defendant suffered and permitted Plaintiff and the other similarly situated individuals to work more than forty (40) hours per week without overtime pay.

31. For example, during the normal workweek ending December 11, 2021, Plaintiff estimates that he worked approximately 55-60 hours and did not receive overtime pay for his overtime hours.

32. Defendant required Plaintiff and the other Security Specialists to work weekends, and to be on-call after their regular shifts and field incident calls after hours, which contributed to the amount of overtime hours worked in certain workweeks.

33. Defendant has been aware, or should have been aware, that Plaintiff and the other similarly situated individuals performed non-exempt work that required payment of overtime compensation. Defendant assigned Plaintiff and others similarly situated a heavy workload and required them to work long hours, including overtime hours, to complete all of their job responsibilities. At times, Defendant required Plaintiff and the other similarly situated individuals to be available to work at all hours of the day (regardless of whether they were actually scheduled to work). This included weeks when Defendant required Plaintiff and the other similarly situated individuals to be available to work 24 hours per day and 7 days per week.

34. Plaintiff also raised overtime concerns to his first zone manager. In response, he was told to just do his job.

35. Defendant knew that Plaintiff and the other similarly situated individuals worked unpaid overtime hours because Defendant's database captured timestamps of actions recorded.

Upon information and belief, these records, along with other electronic records such as email and phone records, will reflect that Plaintiff and other Security Specialists worked unpaid overtime.

36.  Although Defendant had a legal obligation to do so, Defendant did not make, keep, or preserve adequate or accurate records of all of the hours Plaintiff and the other similarly situated individuals worked.

## FLSA COLLECTIVE ACTION ALLEGATIONS

37.  Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

36.  Plaintiff files this action on behalf of himself and all other similarly situated individuals.  The putative FLSA Collective is defined as follows:

> All persons who worked for Defendant as a Security Specialist (II, III, or Senior), or other job titles performing similar duties anywhere in the United States (except in Pennsylvania) at any time since three years prior to the filing of this Complaint through the present.

38.  Plaintiff has consented in writing, Exhibit A, to be a part of this action pursuant to 29 U.S.C. § 216(b).  As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

39.  Plaintiff and the other similarly situated individuals routinely worked in excess of forty (40) hours in a workweek without receiving overtime compensation for their overtime hours worked.

40.  Defendant willfully engaged in a pattern of violating the FLSA, as described in this Complaint in ways including, but not limited to, requiring Plaintiff and the other similarly situated individuals to work excessive hours and failing to pay them overtime compensation.

41.  Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the entire putative FLSA Collective.  Accordingly, notice should be sent to the putative FLSA

Collective. There are numerous similarly-situated current and former employees of Defendant who have suffered from the Defendant's practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly-situated employees are known to Defendant and are readily identifiable through its records.

## NEW YORK RULE 23 CLASS ACTION ALLEGATIONS

42. Plaintiff re-alleges and incorporates by reference all allegations in the preceding paragraphs. Pursuant to Fed. R. Civ. P. 23(a) and 23(b), Plaintiff brings Counts II and III individually and on behalf of the putative New York Rule 23 Class.

43. The class of similarly situated employees sought to be certified under Fed. R. Civ. P. 23(a) and 23(b) as a class action under the NYLL and Wage Theft Prevention Act is defined as:

> All persons who worked as a Security Specialist (II, III, or Senior), or other job titles performing similar duties for Defendant in New York at any time since six years prior to the filing of this Complaint through judgment.

44. The persons in the putative New York Rule 23 Class are so numerous that joinder of all members is impracticable. While the precise number has not been determined, Defendant, on information and belief, has employed at least forty (40) individuals as Security Specialists (II, II, or Senior) or similar job titles during the applicable statute of limitations period. Plaintiff and the putative New York Rule 23 Class have been equally affected by Defendant's violations of law.

45. There are questions of law and fact common to the putative New York Rule 23 Class that predominate over any questions solely affecting individual members, including but not limited to the following:

    a. Whether Defendant violated New York law by failing to pay overtime wages;

7

    b. Whether Defendant violated New York law by failing to furnish all required pay information;

    c. The proper measure and calculation of damages; and

    d. Whether Defendant's actions were willful or in good faith.

46. Plaintiff's claims are typical of those members of the putative New York Rule 23 Class. Plaintiff, like other members of the putative New York Rule 23 Class, was subject to Defendant's practices and policies described in this Complaint. Further, Plaintiff's job duties are typical of the putative New York Rule 23 Class, as all class members are or were Security Specialists (II, III, or Senior), or similar job titles.

47. Plaintiff will fairly and adequately protect the interests of the putative New York Rule 23 Class and has retained counsel experienced in complex wage and hour class and collective action litigation.

48. The action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair and efficient adjudication of this controversy, because, in the context of wage and hour litigation, individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendant's policies and practices. There do not appear to be any difficulties in managing this class action.

49. Plaintiff intends to send notice to all members of the putative New York Rule 23 Class to the extent required by Fed. R. Civ. P. 23.

## **CAUSES OF ACTION**

## **COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY OVERTIME**
**(On behalf of Plaintiff and the Putative FLSA Collective)**

50. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

51. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

52. Defendant suffered and permitted Plaintiff and the other similarly situated individuals to routinely work more than forty (40) hours in a workweek without overtime compensation.

53. Defendant's actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the other similarly situated individuals their required overtime compensation.

54. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the others similarly situated individuals have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the other similarly situated individuals are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

55. By failing to accurately record, report, and/or preserve records of all of the hours Plaintiff and other similarly situated individuals worked, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq*.

56. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendant knew or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

### COUNT II – VIOLATION OF NEW YORK LABOR LAW
### FAILURE TO PAY OVERTIME
### (On Behalf of Plaintiff and the Putative New York Rule 23 Class)

57. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

58. At all relevant times, Plaintiff and the members of the putative New York Rule 23 Class were employees within the meaning of NYLL § 651(5).

59. At all relevant times, Defendant was an employer within the meaning of NYLL § 651(6).

60. New York law requires Defendant to pay overtime compensation at a rate of not less than one and one-half times the employee's regular rate of pay for all hours worked in excess of forty hours in a workweek. 12 N.Y.C.R.R. § 142-2.2.

61. Defendant, pursuant to its policies and practices, refused and failed to pay Plaintiff and the members of the putative New York Rule 23 Class overtime wages for hours worked over 40 per workweek.

62. New York's overtime regulations substantially incorporate and adopt the FLSA's overtime regulations.

63. Plaintiff and the members of the putative New York Rule 23 Class worked more than 40 hours for Defendant in one or more workweeks within the past six years, but due to Defendant's failure to pay them for all hours worked, they did not receive overtime pay for all hours worked in violation of 12 N.Y.C.R.R. § 142-2.2.

64. Defendant's actions were willful, and Defendant did not have a good faith basis to believe that its underpayment was in compliance with the law. *See* NYLL § 663(1).

65. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the members of the putative New York Rule 23 Class have suffered damages in an amount to be determined at trial.

66. Plaintiff and the members of the putative New York Rule 23 Class seek damages in the amount of their unpaid wages, liquidated damages, pre- and post-judgment interest, reasonable attorney's fees and costs of the action, and such other legal and equitable relief as the Court deems proper.

## COUNT III – VIOLATION OF NEW YORK LABOR LAW
## FAILURE TO COMPLY WITH THE NEW YORK WAGE THEFT PREVENTION ACT
### (On Behalf of Plaintiff and the Putative New York Rule 23 Class)

67. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

68. Defendant failed to furnish Plaintiff and the members of the putative New York Rule 23 Class, at the time of hiring, a notice containing the required information include rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designed by the employer; any doing business as names used by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer; and anything otherwise required by law in violation of the Wage Theft Prevention Act, NYLL § 195(1).

69. Due to the Defendant's violation of the Wage Theft Prevention Act, NYLL § 195(1), Plaintiff and the members of the putative New York Rule 23 Class should be awarded

statutory damages of $50.00 for each workday that the violation occurred, up to a maximum of $5,000.00, pursuant to NYLL § 198(1-b).

70. Defendant failed to furnish Plaintiff and the members of the putative New York Rule 23 Class a compliant statement with each wage payment listing, among other things, the rate or rates of pay and basis thereof, the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked, in violation of the Wage Theft Prevention Act, NYLL § 195(3).

71. Due to the Defendant's violation of the Wage Theft Prevention Act, NYLL § 195(3), Plaintiff and the members of the putative New York Rule 23 Class should be awarded statutory damages of $250.00 for each workday that the violation occurred, up to a maximum of $5,000.00, pursuant to NYLL § 198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the putative FLSA Collective, prays for relief as follows:

A. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

B. A finding that Plaintiff and the putative FLSA Collective are non-exempt employees entitled to protection under the FLSA;

C. A finding that Defendant violated the overtime provisions of the FLSA;

D. Judgment against Defendant in the amount of Plaintiff's and the putative FLSA Collective's unpaid back wages at the applicable overtime rates;

E. An award of all damages, liquidated damages, pre-judgment interest and post-judgment interest;

F. An award of attorneys' fees and costs incurred in prosecuting this action;

G. Leave to add additional parties, plaintiffs and/or state law claims and additional class representatives by motion, the filing of written consent forms, or any other method approved by the Court; and

H. For such other and further relief, in the law or equity, as this Court may deem appropriate and just.

**WHEREFORE**, Plaintiff, individually and on behalf of the putative New York Rule 23 Class, prays for relief as follows:

A. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the putative New York Rule 23 Class, and the appointment of Plaintiff as the class representative and her counsel as class counsel;

B. Judgment against Defendant for violation of the overtime provisions of the NYLL and the recordkeeping provisions of the Wage Theft Prevention Act;

C. Judgment that Defendant's violations were willful;

D. An award of damages, liquidated damages, appropriate statutory penalties, pre-judgment and post-judgment interest, and attorneys' fees and costs to be paid by Defendant pursuant to New York law; and

E. Such other relief as the Court may deem just and proper.

Dated: May, 26 2023                **NICHOLS KASTER, PLLP**

s/Rachhana T. Srey
Rachhana T. Srey, MN Bar No. 0340133
(admitted generally to W.D. Tenn.)
srey@nka.com
4700 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Tel: (612) 256-3200
Fax: (612) 215-6870

**Pollins Law**
Scott M. Pollins, PA Bar No.76334*
scott@pollinslaw.com
303 W. Lancaster Avenue, Ste. 1C
Wayne, PA 19087
Tel: (610) 896-9909
Fax: (610) 896-9910

*pro hac vice forthcoming*

**ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE COLLECTIVE AND THE PUTATIVE NEW YORK RULE 23 CLASS**